# IN THE UNITED STSTES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAR 19 2015

U.S. DISTRICT COURT
ELKINS WV 26241

William Wayne Coonts

Rt 3 Box 150 Elkins, WV 26241

Plaintiff

vs.

Randolph County Circuit Court Judge            Civil No., 2:15cv21

2 Randolph Ave. Elkins, WV 26241

Randolph County Commission

4 Randolph Ave. Elkins WV 26241

Department of Health and Human Resources

1027 N Randolph Ave Elkins, WV 26241

Randolph County Prosecutors' Office

4 Randolph Ave. Elkins WV 26241

Phil Isner

44 S. Randolph Ave. Elkins WV 26241

Defendants                    **COMPLAINT**

1. Jurisdiction in this case is based on the Federal question {suit is based upon a federal statute or provision in the United State Constitution}

2. The facts of the case are :

    1. The Defendents committed a Federal crime acting under "color of law" willfully to deprive or conspire to deprive a person of a right protected by the Constitution or U.S. law.

    2. The Defendents acted under color of law and conspired to deny me due process of law regarding the termination of my parental rights.

3. Defendent, Phil Isner is individually liable because of his acts, as set forth herein, were done maliciously and in bad faith.

## COUNT ONE

## VIOLATION OF WAGE PAYMENT AND COLLECTION

4. Plaintiff incorporates by reference the allegations contained in paragraphs numbered 1 through 3 of the complaint.

5. Despite multiple requests by Plaintiff, Defendant Phil Isner willfully failed and refused to pay to plaintiff in a timely fashion sums due and owing Plaintiff.

6. Defendent Randolph County Circuit Court Judge is liable because she instructed Phil Isner not to pay Plaintiff in a timely manner in exchange for his continued silence of his direct knowledge of her extramarital affair.

7. Defendant Phil Isner still owes Plaintiff fees for video depositions of civil action number 12-C-8{consolidated with Civil Action Number 13-C-8}Hammer vs Hammer.
WHEREFORE, Plaintiff is entitled to liquidated damages and reasonable attorney fees and costs.

## COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 7 as if the same were set forth fully herein.

9. Defendents actions of covering up the fact that there was never a final order entered in the

termination of my parental rights until 10 years after the hearing signed by a judge who never heard the case was done willfully, maliciously, outrageously and with the intent to inflict upon Plaintiff emotional distress and/or were done in reckless disregard of the probability of causing Plaintiff severe emotional distress.

10. Such conduct is extreme and outrageous and transcends all bounds of decency in a civilized society.

11. As a direct and proximate result of Defendents outrageous conduct directed towards Plaintiff he has suffered severe and grievous mental and emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendants for a sum adequate to compensate Plaintiff for mental and emotional distress, punitive damages, prejudgment interest, costs and reasonable attorney's fees, and consequential damages incurred in this action.

## COUNT THREE: CIVIL CONSPIRACY

12. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 11 as if the same were set forth fully herein.

13. Defendant Department of Health and Human Resources through it's agents and/or employees, went to Defendant Randolph County Prosecutors' Office and asked about the case that allegedly terminated Plaintiffs' parental rights. They contacted the Randolph County Circuit Clerk who informed them that no such case exists. That is when they contacted Defendant Randolph County Circuit Court Judge and told her to sign a final order terminating Plaintiffs' parental rights without due process of law and that if she did not cooperate they would expose their knowledge

of her extramarital affair.

14. Defendant Randolph County Commission rehired Assistant Prosecuting Attorney Richard Shryock for returning the file for case number 02-JA-30 to the Randolph County Circuit Clerks' Office which he had in his possession for ten years and was not entered in the clerks computer. Plaintiff has direct knowledge of this because the clerk show him and Plaintiffs' father it didn't exist.

15. By engaging in the acts alleged herein above, Defendants have corruptly and/or by threats have endeavored to influence, obstruct and/or impede the administration of justice.

16. Defendants' engaged in said conspiracy, as set forth herein above, for the specific purpose of causing Plaintiff to be divested of his parental rights without due process of law.

17. As a direct and proximate result of Defendants' conspiracy Plaintiff suffered injury to his parental rights and Constitutional rights under the Fifth and Fourteenth amendments protecting due process.

WHEREFORE, Plaintiff seeks damages against Defendants, jointly and severally, for the loss of his parental rights, as well as reasonable attorney fees associated with prosecuting this action.

## COUNT FOUR: CIVIL RICO

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if the same were set forth fully herein.

19. Defendants through their agents and/or employees have violated Title 18 of the United States

Code Section 1962.

20. During the time and events alleged in this complaint, Defendants, individually and in concert, set upon a plan, scheme and artifice to defraud Plaintiff of his property interest in his pay for video depositions and his interest in his parental rights.

21. During the time and events alleged in this complaint, Defendants' used and manipulated the Randolph County Court system as an enterprise from which Defendants', individually and in concert with others, conducted a pattern of racketeering activity deliberately designed to defraud Plaintiff of his pay for video depositions and his interest in his parental rights.

22. Defendants' through their agents and/or employees' have violated Title 18 of the United States Code Section 242.

23. Defendants' have corruptly and/or by threats have endeavored to influence, obstruct and/or impede the due administration of justice and such conduct deprived Plaintiff of his pay for video depositions and his parental rights.

24. The above-described acts proximately contributed to Plaintiffs' damages.

WHEREFORE, Plaintiff is entitled to damages, costs and attorney fees associated with prosecuting this action.

### COUNT FIVE {42 U.S.C. SECTION 1983}

25. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 24 as if the same were set forth herein.

26. Defendants', under color of law, knowingly and unlawfully concealed the truth surrounding these events, coerced each other and unlawfully deprived Plaintiff of his parental rights all in violation of law.

27. Defendants' unlawful efforts so tainted the judicial process as applied to Plaintiff that Plaintiff was deprived of due process of law in violation of 42 United States Code Section 1983.

28. The above-described acts proximately contributed to Plaintiffs' damages.

WHEREFORE, Plaintiff is entitled to damages, costs and attorney fees pursuant to 42 United States Code Section 1988.

## JURY DEMAND

A JURY TRIAL IS DEMANDED AS TO ALL COUNTS OF THIS COMPLAINT.

```
03/19/2015
I, Kathy Currence due swear this
is a true signature for
WILLIAM W Coontz.
My commission expires July 19, 2015
```

KATHY L CURRENCE

*Kathy L Currence*

Plaintiff, pro se

William W. Coonts

Rt 3 Box 150

Elkins WV 26241

(304)642-0883

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
Kathy L. Currence
PO Box 2413
Elkins, WV 26241
My Commission Expires July 19, 2015